**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Teresa Ann Bolton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 4:11-cv-03357-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 42], regarding Plaintiff Teresa Ann Bolton's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g). The Magistrate Judge concluded that the findings of the Administrative Law Judge ("ALJ") were supported by substantial evidence and as a result, recommends that the court affirm the Commissioner's final decision.

Plaintiff filed Objections to the Magistrate Judge's Report [Dkt. No. 44] on January 25, 2013, to which the Commissioner filed a Reply [Dkt. No. 45]. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **AFFIRMS** the Commissioner's final decision.

**PROCEDURAL BACKGROUND**

The court concludes, upon its own careful review of the record, that the factual summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the procedural background in this case is warranted.

1

Plaintiff filed an application for DIB on April 3, 2009, alleging that she has been unable to work since May 16, 2004, due to chronic pain in her back, neck and legs as well as fibromyalgia. Her application for DIB was denied at all administrative levels and upon reconsideration. An Administrative Law Judge conducted a hearing on January 24, 2011, and on February 25, 2011, the ALJ denied Plaintiff benefits. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). The ALJ further found that Plaintiff was not able to do any past relevant work, but that Plaintiff had the residual functional capacity ("RFC") to perform jobs that existed in significant numbers in the national economy.

Plaintiff sought review of her case by the Appeals Council and submitted additional evidence. The Appeals Council considered the additional evidence, but found that the information submitted did not "provide a basis for changing the Administrative Law Judge's decision." Transcript, at 2. The Appeals Council affirmed the decision of the ALJ and that decision became the final decision of the Commissioner. On December 9, 2011, Plaintiff commenced this action seeking a review the Commissioner's decision to deny Plaintiff benefits. [Dkt. No 1].

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo*

2

determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

Plaintiff raises the following objections to the Magistrate Judge's Report: 1) the Magistrate Judge erred in finding that the ALJ's decision to give reduced weight to a treating physician's opinion was supported by substantial evidence; 2) the Magistrate Judge erred in finding that the ALJ's residual functional capacity ("RFC") finding was supported by substantial

3

evidence, when the ALJ failed to specifically state what types of functional limitations were attributable to Plaintiff's myofascial pain and depression; and 3) the Magistrate Judge erred in not recommending remand so that the ALJ could consider additional evidence.

**Treating Physicians' Opinions**

A treating physician's opinion is generally entitled to great weight. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); 20 C.F.R § 416.927. However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir. 1996). "[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178.

Here, the ALJ determined that the opinion of Plaintiff's treating physician, Dr. Ogburu-Ogbonnaya, should be given little weight because his opinion that Plaintiff was not capable of performing a full range of sedentary work and that Plaintiff was not capable of working an eight-hour day, five days per week, was contradicted by his own treatment notes. In reaching this conclusion, the ALJ relied primarily on the fact that Dr. Ogburu-Ogbonnaya's treatment notes consistently showed that Plaintiff's range of motion was within normal limits from May 2009 through April 2010. While many of Dr. Ogburu-Ogbonnaya's notes are illegible, at least to the undersigned,[1] the notes show "wnl," short for within normal limits, in the space provided for notes regarding the patient's physical examination.

The ALJ listed additional reasons for giving Dr. Ogburu-Ogbonnaya's opinion reduced weight. The ALJ found that Dr. Ogburu-Ogbonnaya's opinion contradicted the records of Dr.

---

[1] Plaintiff asserts that the ALJ admitted during the hearing that Dr. Ogburu-Ogbonnaya's treatment notes were difficult to read. While this is true, the ALJ also demonstrated that he could read from at least some of the treatment notes during the hearing and stated that he would continue to work on interpreting the notes. *See* Transcript, at 35-39.

4

Sweet, the surgeon who performed Plaintiff's neck surgery in January 2009. In April 2009, Dr. Sweet conducted a follow-up examination in which he found that Plaintiff had good range of motion in her neck, good grip, strength and a fluid gait. The ALJ also pointed to a consultive examination of Plaintiff in July 2009 conducted by Dr. Hegquist who found that Plaintiff's neck was supple with full range of motion and that she had good range of motion and strength in all four extremities with normal grip. Additionally, the ALJ relied on Plaintiff's own statements when she applied for a commercial driver's license in May 2008, in which she admitted to experiencing no health problems other than lower back pain. The ALJ also found that Dr. Ogburu-Ogbonnaya's opinion contradicted a prior disability determination dated December 16, 2008, in which another ALJ determined that Plaintiff was not disabled because she did not have a severe impairment.

Given the internal inconsistencies in Dr. Ogburu-Ogbonnaya's notes as well as other conflicting evidence in the record, the court concludes that the ALJ did not err by giving little weight to Dr. Ogburu-Ogbonnaya's opinion regarding Plaintiff's work restrictions. *See Craig*, 76 F.3d at 590 (finding sufficient evidence existed to justify the ALJ's rejection of the treating physician's conclusory opinion when the record contained persuasive contradictory evidence, which included contradictory evidence within the treating physician's own notes).

Plaintiff further argues that if the ALJ chose to give more weight to Plaintiff's non-treating physician, he was required to apply the factors in 20 C.F.R. § 404.1527.[2] Nothing in this section requires an explicit discussion of these factors, only that the ALJ consider them. *See*

---

[2] The factors are: 1) the length of the treatment relationship and the frequency of examinations; 2) the nature and extent of the treatment relationship between the physician and the applicant; 3) the evidentiary support for the physician's opinion; 4) the consistency of the opinion with the record; 5) whether the physician is a specialist; and 6) any other factors the claimant may raise which tend to support or refute the opinion. 20 C.F.R. § 404.1527(c).

*Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (finding that the ALJ need not explicitly discuss the § 404.1527 factors so long as the court is able to conduct a meaningful review of the decision).  In this case, the ALJ stated that he considered all opinion evidence in accordance with 20 C.F.R. § 404.1527.  Furthermore, the ALJ cited sufficient evidence for this court to determine that his decision to give more weight to Plaintiff's non-treating physician was justified.

Plaintiff similarly argues that the ALJ did not specify the weight given to Dr. Gupta's opinion of January 21, 2011, in which he opined that Plaintiff was "more than likely . . . permanently disabled."  Transcript, at 30.  Plaintiff further argues that the ALJ did not give a specific explanation as to his reasons for the weight given to Dr. Gupta's opinion as required by Social Security Ruling 96-2p.[3]  Plaintiff contends that Dr. Gupta's decision should have been given controlling weight since he was a treating physician.

First, the ALJ did consider Dr. Gupta's findings in his decision, noting that when Dr. Gupta began treating Plaintiff in May 2010, he found that Plaintiff had a normal gait and good range of motion.[4]  The ALJ cited to Dr. Gupta's records in support of his determination that

---

[3] SSR 96-2p provides that

> "When the determination or decision . . . is a denial . . . the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Social Security Ruling 96-2(p).

[4] Plaintiff disputes the ALJ's interpretation of Dr. Gupta's reports, arguing that his findings demonstrate that Plaintiff's range of motion was severely limited.  The ALJ acknowledged that Dr. Gupta's findings also included reports of pain and some limited motion during the months of May, July, September and October of 2010. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Craig,* 76 F.3d at 589.

Plaintiff could function within normal limits and was not disabled within the meaning of the Social Security Act. With regard to these treatment records, it is not apparent that the ALJ gave any reduced weight to Dr. Gupta's findings. With regard to Dr. Gupta's opinion stating that Plaintiff was permanently disabled, the court need not give this opinion any special consideration. Determinations of disability are reserved for the Commissioner. 20 C.F.R. § 1527(d)(1). A medical source's statement that a Plaintiff is disabled or unable to work is not binding on the Commissioner and is not entitled to any special consideration. 20 C.F.R. § 1527(d)(1) – (3).

**Residual Functional Capacity**

Plaintiff argues that the ALJ failed to specifically state which functional limitations were attributable to Plaintiff's myofascial pain and depression. The plaintiff is responsible for providing the evidence used in making the RFC finding. 20 C.F.R. § 404.1545(a)(3). Here, Plaintiff has not identified any evidence of functional limitations that contradict those already included in the ALJ's RFC finding, nor does she identify any additional functional limitations beyond those in the ALJ's RFC finding.

The Magistrate Judge determined that the ALJ considered all of the facts in making his RFC finding including Plaintiff's myofascial pain and depression. The Magistrate Judge further determined that the ALJ's decision was well-supported and adequately explained. The court agrees with the Magistrate Judge's determination that the ALJ did not err in making his RFC finding.

**Consideration of New Evidence**

Pursuant to 20 C.F.R. § 404.970(b), when "new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or

before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'" *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dept. of Health & Human Services*, 953 F.2d 93, 95-96 (4th Cir. 1991)).

In this case, the Appeals Council considered the new evidence and incorporated it into the record but denied Plaintiff's request for review, finding that the new evidence did not provide a basis for changing the ALJ's decision. As a result, the ALJ's decision became the final decision of the Commissioner. In such situations, a reviewing court is tasked with considering the new evidence. The reviewing court will uphold the ALJ's ultimate decision if, after considering the additional evidence, the ALJ's decision is still supported by substantial evidence. *Meyer*, 662 F.3d at 707 (citing *Smith v. Chater,* 99 F.3d 635, 638–39 (4th Cir.1996)). However, "when consideration of the record as a whole revealed that new evidence from a treating physician was not controverted by other evidence in the record," reversal of the ALJ's decision with remand is required. *Id.*

Plaintiff presented two new items of evidence. First, she presented an MRI taken on February 18, 2011, at the Lexington Medical Center. She also presented notes from the Medical University of South Carolina ("MUSC") dated February 28, 2011, through March 7, 2011. Dr. Vandergrift at MUSC found that the MRI showed significant disc bulging, disc collapse and moderate stenosis in the cervical vertebrae in Plaintiff's neck. Transcript, at 396. Dr. Vandergrift recommended that Plaintiff have surgery to address these issues, which she did. *Id.* The MUSC materials also include all of the notes related to Plaintiff's surgery. Transcript, at 396-422.

Plaintiff contends that the new MRI shows no change from an MRI conducted on October 22, 2009, and thus provides evidence that Plaintiff's neck impairment and associated pain existed during and shortly after the period during which she was eligible for disability. She further argues that this evidence undercuts the ALJ's decision to give reduced weight to Dr. Ogburu-Ogbonnaya's opinion since that decision was based, at least in part, on Dr. Sweet's April 2009 opinion in which he declared that Plaintiff's neck was well-healed and demonstrated a good range of motion.

The court finds that this new information is not material because there is not a reasonable possibility that the ALJ would have changed his decision. As the Commissioner persuasively argues, the new evidence does not address whether Plaintiff actually suffered from a disability as defined in the Social Security Act on or near her date of last insured. The primary issue considered by the ALJ throughout his decision was not whether Plaintiff continued to experience pain or whether her January 2009 surgery was successful, but whether Plaintiff had the functional limitations necessary to meet the criteria of an impairment as described in the Listings, and whether the limitations that she did have were inconsistent with the ALJ's RFC finding. Furthermore, even if, as Plaintiff argues, the new evidence undercuts one of the reasons the ALJ cited for giving reduced weight to Dr. Ogburu-Ogbonnaya's opinion regarding Plaintiff's work limitations, the ALJ's reasoning remains supported by the internal inconsistencies in Dr. Ogburu-Ogbonnaya's notes, the consultive examination of Dr. Hegquist in July 2009, and Plaintiff's own admissions when applying for a commercial driver's license.

Moreover, the Magistrate Judge correctly noted that the new evidence post-dates Plaintiff's hearing and, coming as it does nearly two years after Plaintiff's date of last insured, reflects Plaintiff's later, deteriorating condition rather than her condition on or near her date of

last insured. Under these circumstances, the new information does not overcome the substantial evidence supporting the ALJ's decision. Therefore, the Magistrate Judge did not err in rejecting Plaintiff's request for remand.

## CONCLUSION

After a thorough and careful review of the record, including the briefs from Plaintiff and the Commissioner, the Magistrate Judge's Report, and Plaintiff's objections thereto, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court adopts the Magistrate Judge Report [Dkt. No. 42] and incorporates it herein by reference. For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

March 14, 2013
Florence, South Carolina

10